HENRY C. BATE *v.* ALBERTO INCISA DI CAMERANA.

1. WILL.   *Foreign probate.*
   An authenticated copy of the probate in Tennessee of a will whose maker is domiciled in Mississippi, is not admissible to probate in this State, under Code 1871, § 1105, so as to operate on property here, although executed in the foreign jurisdiction, where the testatrix died, and where it operates on her property there situated.

2. SAME.   *Domicile.*
   If a subject of the kingdom of Italy and his wife, from the time of their marriage until she dies in another State, make their home on her plantation in Mississippi, this State is their domicile in so far that her will must be proved here before his claim under it to property in this State will be recognized by our courts.

APPEAL from the Chancery Court of Washington County. Hon. W. G. PHELPS, Chancellor.

Alberto Incisa, Marquis di Camerana, as a subject of the kingdom of Italy, filed this bill against Henry C. Bate and Joseph and Eugenia Bertinatti, to enforce his claim, under the will of his wife, to Riverside Point, her plantation in Washington County, and alleged that he married Ella Bass, a resident of Mississippi, and daughter of Eugenia Bertinatti, and lived with her on the plantation until 1871, when, in May of that year, she died in Memphis, Tennessee, and her will, which was attested according to the laws of Mississippi, having been probated the following year in Tennessee, a certified copy thereof was afterwards duly probated in the Chancery Court of Washington County, under the statute of this State, the will and all the proceedings in the courts of both States being exhibited with the bill ; that, before their marriage, his wife had conveyed a

one-third interest in the plantation to her brother, and by the will she devised a third interest to the complainant, and a third in trust for her mother; that Eugenia Bertinatti and her husband, Joseph, reside at the Hague, he being the accredited minister to Holland from the kingdom of Italy, of which he has always been a subject; that the brother died, having made a will by which he devised the whole plantation to trustees for his mother's use, and at her death to Henry C. Bate, which casts a cloud on the complainant's title; and that the interest of his deceased brother-in-law and of his mother-in-law should be ascertained by partition, and then subjected to his demand for rents which they have collected and consumed without accounting for his one third. There was an appropriate prayer for relief. A demurrer, by Henry C. Bate, the appellant, was overruled, although it assigned among other grounds that the will had never been probated so as to affect the land in this State.

*J. R. Yerger*, for the appellant, argued orally and in writing.

The very groundwork of the right to recover in this case is the will of Ella Incisa di Camerana. It is an equitable action of ejectment. This will is an exhibit. It is connected as a part of the chain of title, and is offered as evidence. When we examine the probate of the will, we find it to fall far short of showing those facts required to be proved for the purpose of divesting the title of the heir-at-law. The form of proof of wills is fixed by statute. Code 1871, § 1117; Code 1880, § 1963. These enactments must be followed. *Evans* v. *Evans*, 10 S. & M. 402; *Ragland* v. *Green*, 14 S. & M. 194; *Martin* v. *Perkins*, 56 Miss. 204. The cases of *Sturdivant* v. *Neill*, 27 Miss. 157; *Morris* v. *Morris*, 27 Miss. 847; *Fotheree* v. *Lawrence*, 30 Miss. 416, affirm the well-established doctrine that the will of a resident or domiciled citizen or inhabitant of this State must be executed according to the ceremonies and solemnities of the State of Mississippi. Such is the generally received doctrine. *Crusoe* v. *Butler*, 36 Miss. 150; Story Confl. Laws, §§ 441, 584. Ella di Camerana was a citizen of Mississippi. Did marrying a foreigner change her domicile, or even her citizenship? The bill avers that Alberto di Camerana intermarried with Ella Bass. But they made their

home on her plantation in this State, and their domicile was here, although she was daughter of Eugenia Bertinatti, a wife of a resident of the Hague.

*S. H. King*, on the same side.

Wills are not evidence in support of title to property until probated in the jurisdiction in which the property is situated at the testator's death. *Wells* v. *Wells*, 35 Miss. 638. The statute relative to authenticated copies of wills refers exclusively to foreign wills. *Riley* v. *Moseley*, 44 Miss. 37 ; *Wilson* v. *Cox*, 49 Miss. 538. The attempted record in this State of the probate in Tennessee was void. *Sturdivant* v. *Neill*, 27 Miss. 157 ; *Morris* v. *Morris*, 27 Miss. 847. The fact that the execution of the will was duly proved in open court by a subscribing witness, and then registered by the clerk on the records of the court, does not establish that the will was legally admitted to probate, and this is all that appears in this case. *Stuart* v. *Swanzy*, 12 S. & M. 684; s. c. 23 Miss. 502; *Fotheree* v. *Lawrence*, 30 Miss. 416 ; 1 Redfield on Wills, 405. This case is not affected by the Act of Congress. *Dorsey* v. *Maury*, 10 S. & M. 298 ; *Crusoe* v. *Butler*, 36 Miss. 150. Laws of Tennessee require that all the witnesses living must be produced to prove the will. Tenn. Code, §§ 2162, 2163, 2168, 2486 *a*, 2486 *f*, and authorities cited. It is ordinarily considered necessary in courts of common law (in those States in which the probate of a will is not regarded as conclusive in respect to lands) to call only one of the subscribing witnesses, if he can speak to all the circumstances of the attestation, but he must be able to prove all the facts necessary to a full and perfect execution of the will, in order to dispense with the other witnesses, if they are alive and within the jurisdiction. 1 Jarman on Wills, 222. The general rule, where land is involved, is to produce all the witnesses. *Evans* v. *Evans*, 10 S. & M. 402 ; *Ragland* v. *Green*, 14 S. & M. 194. There is also a distinction between cases where the moving party seeks to set aside the will, and cases where the moving party is a devisee seeking to establish it ; the rule which makes it imperative to call all the witnesses to a will must be considered as applicable in the latter case. 1 Jarman on Wills, 223 ; 6 Wait's Actions and Defences, 384. This will was admitted to probate in Tennessee in 1872. At

that time we had an express provision in the Code of 1871, which cannot be found in the laws prior to 1871, and which section has not been carried forward into the Code of 1880,— we refer the court to § 1117, which requires that all the witnesses to the will must prove it.

*Nugent & McWillie,* for the appellee.

1. We concede the general rule to be, that a will must be probated and established according to the law of the testator's domicile and in the courts of his domicile, and that this is so, though the testator makes his will and dies outside of his domicile. *Sturdivant* v. *Neill,* 27 Miss. 157 ; *Bailey* v. *Osborn,* 33 Miss. 128. If this rule, however, be rigidly applied here, it would follow that the courts of this country would have no authority to probate the will of Ella Incisa di Camerana, — her domicile, for aught that appears in the bill, being in Italy. But the rule does not apply here, and cannot apply, if we are correct in our view of the law as to the *domicile* of Ella Incisa after her marriage, for then her will could not be probated in either the State of Tennessee or that of Mississippi. In *Still* v. *Woodville,* 38 Miss. 646, it was clearly held that when a decedent was domiciled in Louisiana, but owned property in this State, the courts of this State were bound to take jurisdiction of it, for the benefit of the true owners, and could, therefore, prove wills and admit them to record. It is true that before a will can be admitted in evidence, in support of title to property therein bequeathed, it must be regularly probated in the jurisdiction where the property is situated ; and equally true that the probate, in a foreign State, of the will of a testator who died there, but whose domicile was in this State, is ineffectual to devise property situated in this State. *Wells* v. *Wells,* 35 Miss. 638. But, in *Cameron* v. *Watson,* 40 Miss. 191, it was held that when a married woman, having power to make a will as to real and personal property situated in Arkansas, is domiciled here, and makes a will in pursuance of such form, the will should be probated here, though there is no property on which it could take effect. In *Crusoe* v. *Butler,* 36 Miss. 150, the law applicable to this case is fully enunciated. When it appears from the probate of a will that there are three subscribing witnesses, it

may be proved by one witness, so as to authorize its probate to pass realty, if the witness examined proves that it was duly attested by the others. If the record of the probate of such a will states that "it was duly proved by one of the witnesses and admitted to probate," and it does not affirmatively appear that this witness proved only the attestation by himself and execution in his presence, it will be presumed, in a controversy respecting the title of the real estate thereby devised, that the witness testified to every fact necessary to the due execution of the will to pass real estate, and the probate will be valid as to the realty. The decree of the Chancery Court, allowing the probate of such authenticated copy of a will, cannot be attacked collaterally, but only by a direct proceeding for that purpose.

2. The statute authorizing the probate of authenticated copies of wills proved according to the laws of other States, proceeds on the facts that the execution of the will has been determined by a court having jurisdiction, and whose judgment is based upon the laws of its own country in determining the validity of the will. *Sturdivant* v. *Neill*, 27 Miss. 157 ; *Wilson* v. *Cox*, 49 Miss. 538. The statute is very plain : "Authenticated copies of wills, proved according to the laws of any of the States of the Union, . . . and touching or disposing of estate within this State, may be admitted to probate in the proper court." Code 1857, p. 435, art. 49. Not until 1880 did our statute expressly authorize the probate of foreign wills, as such. The statutes of Tennessee, where this will was executed and proved, provide that written wills with witnesses thereto, when not contested, shall be proved *at least* by one of the subscribing witnesses if living ; and the courts of that State have given the statute a liberal exposition. Thompson & Stegers' Code, § 2171 ; *Burrow* v. *Ragland*, 6 Humph. 481, 486 ; *Hodges* v. *Bauchman*, 8 Yerger, 186, 188 ; *Mosely* v. *Wingo*, 7 Lea, 145. We have in this case all the elements required in the deraignment of title.

*W. L. Nugent*, on the same side, made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The domicile of the testatrix was in Mississippi, and the

probate of her will in Tennessee did not authorize an authenticated copy of it to be admitted to probate in the Chancery Court of Washington County, in pursuance of § 1105 of the Code of 1871. That statute does not embrace the case of a will whose maker is domiciled in this State, although executed out of the State, and operating on property in another State, as well as on some in this State, and although the testator dies in the jurisdiction in which the will is admitted to probate. In *Sturdivant* v. *Neill*, 27 Miss. 157, and *Morris* v. *Morris*, 27 Miss. 847, it was declared that the statute cited had " no application to wills made by citizens domiciled in this State, but only to wills made according to the laws of some other State or country," and that the probate by a court of another State of the will of one domiciled in Mississippi, but made in the State which admitted the will to probate, and where the testator died, was a nullity in this State, because of the want of jurisdiction in the court of such other State. In *Wells* v. *Wells*, 35 Miss. 638, the court held that the probate in Louisiana of the will of a testator who died there, and whose domicile was in Mississippi, was valid as to his property situated in Louisiana. In *Still* v. *Woodville*, 38 Miss. 646, it was held that the proper court of this State had jurisdiction to admit to probate, in the first instance, the will of a person domiciled in another State when he died, if he had property situated in this State. There is harmony between these several decisions, and each is correct. In *Crusoe* v. *Butler*, 36 Miss. 150, it was held that the will of one domiciled in Alabama, and purporting to have been attested by three witnesses, and which had been duly proved in Alabama, was properly admitted to probate in the Probate Court of Lowndes County of this State, and was effectual as to lands lying in this State, although the authenticated copy from Alabama showed that the will had been proved there by but one of the three subscribing witnesses. This decision was placed on two grounds, viz.: 1. As the record stated that the will was duly proved by one witness, and was admitted to probate, and it did " not affirmatively appear that that witness proved *only* the attestation by himself and execution in his presence, it will be presumed that he testified to every fact necessary to due exe-

cution ; " 2. The copy of the will had been " ordered to be admitted to probate, and recorded " in the Probate Court of Lowndes County, and as that act was within its jurisdiction, it was declared unassailable collaterally, even if the court adjudged erroneously as to the sufficiency of the probate in Alabama.

The will in that case was such as the statute had in view in providing for admitting to probate in this State an authenticated copy, *i. e.,* the will of one not domiciled in this State, but " touching or disposing of estate within this State," and which had been proved according to the laws of another State or country. In the case we are now considering, the will is not such as the statute was passed for. The Chancery Court of Washington County did not have jurisdiction over an authenticated copy of it, but could only admit to probate the original will ; and the presumption that the witness who proved the will in the County Court in Tennessee testified to every fact necessary to due execution of the will to pass real estate in Mississippi, cannot be indulged, in view of the fact that the law of Tennessee requires but two witnesses to a will of land ; and, although this will appears to have been attested by three subscribing witnesses, as the law of Tennessee required only two, the statement of the record, that it was duly proved by one cannot be taken to import more than that it was duly proved according to the requirement of the law of that State, that is, that it was proved to have been attested by two witnesses, which was not sufficient to satisfy the law of this State at the time when this will was made. But, if the record of the probate of the will in Tennessee had shown that it was duly proved by the three attesting witnesses, an authenticated copy could not have been admitted to probate here, because the statute does not embrace it. The conclusion that § 1105 of the Code of 1871 did not apply to the wills of persons domiciled in this State is an end of the controversy, and we have called attention to the cases in our reports for the purpose of showing that this conclusion is properly deducible from them, and is not inconsistent with the doctrine of any of them. This will was provable in Tennessee, whose courts had jurisdiction of it as affecting property situated in that State ; but

the domicile of the testatrix being in Mississippi, her will must be proved here according to our law, in order to be operative on property situated in this State.

We think it clear that the testatrix had her domicile in this State, as shown by the bill. It avers that the complainant and his wife (the testatrix), from the time of their marriage, some years before, made their home on the wife's plantation in Washington County, Mississippi, until the year 1871, when in May of said year, she died at Memphis, Tennessee, having previously made her will. Although the husband was a subject of the kingdom of Italy, and that was his national domicile, he and his wife made their home in Mississippi, which was their domicile for the purpose of succession. The will under which the appellee claims an interest in the land sought to be partitioned must be proved in the proper court of this State before his claim can be recognized here.

*Decree reversed.*