MALINDA LOVELADY et al. *v.* THOMAS DAVIS, JR., Exr., &c.

1. EXECUTOR AND ADMINISTRATOR: ESTOPPEL.—A party who has procured an authenticated copy of a foreign will, to be recorded in this State, and taken out letters of administration with the will annexed, will be estopped from denying that the will has been legally probated.

2. PROBATE COURT: JURISDICTION: ANCILLARY ADMINISTRATION: TRUSTS.—A Probate Court in this State, wherein has been granted an administration ancillary to the primary administration, in a sister or foreign State, has no jurisdiction to compel the administrator with the will annexed, thus appointed, to pay a pecuniary legacy, which was directed by the will to be invested in a slave, for the benefit of the legatee and his heirs. In such a case, the foreign executor, in whom a special confidence is reposed in reference to the legacy, is the proper party to be proceeded against; and moreover the legacy is a trust, which the Probate Court cannot execute.

3. SAME.—Whether a Probate Court, in this State, in which an ancillary administration with the will annexed has been granted, can enforce the payment of a legacy bequeathed by the will? Quære.

APPEAL from the Probate Court of Kemper county. Hon. Thomas P. Bell, judge.

*D. P. McAlbum,* for appellant.

*George L. Potter,* for appellee.

FISHER, J., delivered the opinion of the court.

This was a petition, filed in the Probate Court of Kemper county, to compel the payment of a legacy, alleged to be due to the petitioner, Mrs. Lovelady, under the last will and testament of her brother, David C. Callaway, deceased.

The facts are as follows: The testator, being a resident of the

State of Louisiana, made his will in that State, in 1849, and died soon thereafter.  The will appears to have been proved before the recorder, and ex officio notary public, of Jackson parish, in said State; and soon thereafter a certified copy was produced in the Probate Court of Kemper county, in this State, and the executor named in the will renouncing the trust, the court appointed Abner B. Callaway administrator, with the will annexed.  He died before making a final settlement of the estate; and one object of the petition is to compel the appellee, who is executor of the will of the deceased administrator, to settle the administration account, and to compel him to apply whatever sum may be necessary, to the payment of the legacy claimed by the petitioner.

To this proceeding, it is objected,

First, that the will does not appear to have been proved and admitted to probate, as required by the laws of Louisiana.  Whatever force there might be in this objection, if it came from a different source, it certainly cannot be made by the party, who himself produced the authenticated copy of the will in court, and obtained letters of administration with the will annexed, thereby binding himself to its execution; and whatever would bind or estop the administrator, will bind and estop the appellee, the administrator's legal representative.

Second. It is said that the Probate Court could take no jurisdiction of the subject-matter, as the administration granted by that court, was only ancillary to the primary administration, if any, granted in the State of Louisiana.  There is no doubt but creditors of the testator, in this State, could have proceeded against the administrator in this State, to enforce payment of their debts, and that the funds in his hands could have been subjected for that purpose.  But counsel have cited us to no case, wherein a legacy has been enforced in such case against the estate.  The cases, so far as examined on this subject, relate to proceedings against an executor in his individual capacity, and not to proceedings to coerce payment, out of the estate in the hands of the ancillary administrator. But as this point is not very material in the present case, and the question one of too much importance to be hastily considered, we express no definite opinion either way on the subject.

The question upon which the case must turn, arises out of the

peculiar character of the legacy. The will bequeaths to the petitioner, Mrs. Lovelady, the sum of five hundred dollars, to be invested by the executor in the purchase of a slave, the title to which shall be taken to the legatee and her heirs, &c. This, in our opinion, is a trust which the Probate Court cannot execute, and as the confidence seems to be reposed in the executor, he is the proper party to be proceeded against, or some good and sufficient reason shown for not making him a party to the proceeding.

The trust from its nature, is one which can only be enforced by a court of equity, and whether the complainant could proceed in the courts of this State, must of course depend upon the circumstances of the case, the situation of the parties, &c. : as, for instance, if it could be shown that the executor, who is the residuary legatee under the will, had taken the benefit of the legacy, and was within the jurisdiction of the court. In such case he would be personally liable for the other legacies, as they were charges upon the estate, and had to be satisfied, before he could claim under the residuary clause of the will. Having taken under the will, he would be estopped from denying its proper execution or validity as to other parties, whose legacies were preferred claims on the estate.

But it is not required of us, to dwell upon matters not properly arising for adjudication. All that we deem necessary to say is, that if the petitioner is compelled to resort to the estate for payment of the legacy, her remedy is in that court which has jurisdiction over the estate, and over the executor, whose duty it is, in the absence of a showing to the contrary, to execute the trust.

Under this view of the law the decree of the court below must be affirmed.