ELIAS D. HINES and GEORGE H. BRYAN, plaintiffs in error, vs. GEORGE W. MULLINS, Ordinary for the use of James G. Smith, guardian, defendant in error.

[1.] A father is bound to support and educate his children, if he is able to do so, even although they may have property of their own.

[2.] A person who has been appointed guardian, by a Court of Ordinary, and has taken possession of the property, and otherwise acted as such guardian, is concluded from saying when sued as such guardian, that the ward did not reside in the county of the Court, and therefore, that the Court had no jurisdiction to make the appointment.

Suit on bond, from Harris county. Tried before Judge WORRILL, April Term, 1858.

Letters of guardianship were granted to Elias D. Hines over the person and property of his children, by the Inferior Court of Harris county, and were revoked again by the same Court.

James G. Smith was then, by the same Court, appointed guardian in his stead; and brought his action on the guardian's bond of said Elias D. Hines and George H. Bryan, as security, to compel said Hines to pay over the estate of said minors in his hands. When, after the testimony and argument on both sides:

The Court charged the jury that the defendant insisted he was entitled to a deduction from the amount claimed by plaintiff, on the ground that his children had a separate estate, and that he was not able to feed, clothe and educate them in a manner suitable to their condition in life, but, nevertheless, had done so, expecting to be remunerated from their separate estate; now if you believe, from the testimony, that he was not able to support and educate his children, then make the deduction—otherwise do not make it.

The Court also charged: the defendant insists that plaintiff could not recover the share of Edward M. Hines, on the ground that said ward resided in Meriwether county at the time of plaintiff's appointment as guardian, by the Ordinary

of Harris county, and that said appointment was void ; now if you believe, from the evidence, that the said minor, Edward M., remained in Meriwether by the consent of the defendant, then you must find for the plaintiff.

The verdict was for plaintiff, and defendant excepted to the charges of the Court, and assigns the same as error.

INGRAM & RUSSEL; and J. M. MOBLEY, for plaintiffs in error.

D. P. HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] A father is bound to support and educate his children if he is able to do so, and that, whether they have property of their own or not. This proposition is not disputed.

· The first charge, therefore, cannot be wrong, for it asserts no more than this proposition.

As to the second charge.

Hines, the father, was the person first appointed guardian of the children, by the Inferior Court of Harris county. He accepted the appointment, received the property, and otherwise acted as guardian, until he was removed from the guardianship, for misconduct, by that Court.

[2.] Now, would it have lain in his mouth to say, that at the time of his appointment one of the children " resided," not in Harris, but in Meriwether; and, that, consequently, the appointment was void? Would not the Court in Harris, have had the right to call him to account, be the matter as to the residence of this child, as it might? We think so. It is to be presumed, that he made every thing *appear* to the Court, necessary to give it the jurisdiction to appoint him; and allowing him afterwards to protect himself by a plea, that the Court did not have this jurisdiction, would be allowing him to take advantage of his own wrong.

If so, then, the act of appointing him is to be taken as the

act of a Court having jurisdiction, and therefore is to be held as valid.

But if the Court had jurisdiction to appoint him, it had jurisdiction to remove him.

Not only so; it had jurisdiction to make any such order as it should " think fit;" and, therefore, it had jurisdiction to appoint a successor.   " And when such Court shall know or be informed, that such guardian, executors or administrators, shall waste, or in any manner, mismanage the estate of such orphan or deceased person; or does not take due care of the education and maintenance of such orphan, according to his her or their circumstances; or where such guardian, executor or administrator, or his, her or their securities, are likely to become insolvent; such Court may make such order for the better managing and securing such estate, and educating and maintaining such orphan, as they shall think fit."   *Cobb Dig.* 312

The result is, that all of the action of the Court in Harris; the appointment of Hines; his removal; and the appointment of Smith as his successor; was valid, at least, so far as he was concerned, even although, one of the children, was all the time, residing in Meriwether.

This being so, there was no harm done by this charge even if it was wrong; and if a wrong charge does no harm, it is not a ground to this Court for granting a new trial unless a new trial was moved for in the Court below.

In this case, a new trial was not moved for, in the Court below.

Judgment affirmed.