# KENT COUNTY.

STEPHEN W. THORNTON, Appellant, *vs.* MARY BAKER, Appellee.

A. presented a petition to the Probate Court of C. for the proof of a will, alleging in the petition that the testator was, at his death, resident in said C. The Probate Court refused to admit the will to probate, and the action of the Probate Court was affirmed on appeal to this court, which also expressly declared the instrument presented not to be the will of the alleged testator. A. then presented a petition to the Probate Court of W. for the proof of the same will, alleging in this petition that the testator was, at his death, resident in said W.

*Held,* that the petitioner was concluded by the decree of this court entered on the appeal; that such decree covered the residence of the deceased, though not formally reciting it; and that the Probate Court of W. had no jurisdiction of the matter.

*Query,* whether, without reference to the decree of this court, A., as to the second petition, was not estopped by the recital of residence contained in the first, which was heard on its merits by the Probate Court of C.

*People's Savings Bank* v. *Wilcox, ante,* p. 258, distinguished.

APPEAL from the Court of Probate of the town of Warwick. On appellant's motion to dismiss the appellee's petition to the Probate Court.

*Providence, July* 9, 1887. DURFEE, C. J. Joseph Baker died November 17, 1884, leaving a written instrument, dated March 27, 1883, purporting to be his will. Shortly after his death, Mary Baker, his widow, who was named as executrix in said instrument, offered it for probate in the Probate Court of Coventry, alleging in her petition for probate that said Joseph, " at the time of his death, was a resident of said Coventry." After hearing, the court entered a decree refusing to admit said instrument to probate, from which decree said Mary took an appeal to this court. This

court, after hearing, affirmed the decree of the Probate Court of Coventry, and likewise expressly adjudged said instrument not to be the will of said Joseph. The decree of this court was entered October 5, 1885. In July, 1886, Mary Baker petitioned the Court of Probate of Warwick for the probate of said instrument as the will of said Joseph, alleging in her petition that said Joseph, at the time of his death, was a resident of said Warwick. The appellant Thornton, being present at the Warwick court, brought the decrees of the Court of Probate of Coventry and of this court to the attention of the Warwick court, but the latter court, nevertheless, took jurisdiction, and, after hearing, entered a decree in which it adjudged and decreed that said Joseph, " at the time of his decease, was an inhabitant and resident of said Warwick," and that said instrument was his last will and testament, and that as such it be approved, allowed, and ordered to be recorded. From this decree said Thornton took an appeal to this court, assigning for reasons of appeal, among others, that said instrument and all matters connected with the probate thereof are *res adjudicata,* and that said Mary is estopped, by her previous action in the Court of Probate of Coventry and in this court, from prosecuting her present petition. The case is before us now upon his motion, based upon said reasons, that her petition be dismissed.

Mary Baker, the appellee, resists the motion, and contends that it cannot be granted consistently with our decision in *People's Savings Bank* v. *Wilcox, ante,* p. 258. In that case, Holder N. Wilcox applied to the Court of Probate of Tiverton for administration on the estate of his niece, Mary A. Wilcox, describing her as " late of Tiverton, deceased." He was appointed administrator without hearing, no one opposing. Subsequently one George A. Sayer applied to the Probate Court in Providence for appointment as administrator, alleging that Mary A. Wilcox was a resident of that city when she died, and was appointed. Admittedly she did in fact reside in Providence when she died. The court held the second appointment good and the first void, because the Court of Probate of Tiverton had no jurisdiction. The second applicant could not be held to be estopped by the allegation of jurisdictional facts in the first application, because he had nothing to do with making it. The case at bar is different. In the case at bar the

two applications were both made by Mary Baker. In the first she alleged that the deceased was resident in Coventry when he died, and thus led the Court of Probate of Coventry to assume jurisdiction of her application, and try it on its merits. In the second she alleged that the deceased was resident in Warwick, and petitioned the court of Warwick to try the same question which she had previously submitted to the Court of Probate of Coventry, claiming that the decision of the latter court was void, because the deceased was not, as she had alleged in her application to the latter court, resident in Coventry when he died. No precedent is cited for such a proceeding, and it certainly seems as if a party ought not to be permitted thus to belie himself. And see the following cases cited by the appellant: *Ela* v. *McConihe*, 35 N. H. 279; *Hines & Bryan* v. *Mullins*, 25 Ga. 696; *Brown* v. *Haines*, 12 Ohio, 1; *Mandeville* v. *Mandeville*, 35 Ga. 243; *Harbin, Adm'r*, v. *Bell*, 54 Ala. 389. "Consent of parties," say the Supreme Court of the United States in *Railway Co.* v. *Ramsey*, 22 Wall. 322, 327, "cannot give the courts of the United States jurisdiction, but parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such admission." After a court has acted judicially on such an admission or declaration, it seems as if the party making it should be debarred from denying it for the purpose of attacking any judgment dependent thereon. *Turner* v. *Billagram*, 2 Cal. 520; *Miltimore* v. *Miltimore*, 40 Pa. St. 151; *Potter* v. *Adams' Executors*, 24 Mo. 159; *Lovelady* v. *Davis*, 33 Miss. 577. We do not find it necessary, however, to determine this point in order to decide this case.

As we have seen, Mary Baker took an appeal from the Probate Court of Coventry to this court, and here prosecuted her petition to final judgment, wherein the decree of said Probate Court was affirmed, and the instrument offered for probate was adjudged not to be the will of Joseph Baker. It is true the decree of this court does not expressly adjudge that Joseph Baker was resident in Coventry at his death, but where jurisdiction depends on the finding of a particular alleged fact, the exercise of jurisdiction implies the finding of that fact. *Erwin* v. *Lowry*, 7 How. U. S. 172; *Wyatt's Adm'r* v. *Steele*, 26 Ala. 639. The decree, then, which we are asked to disregard, is a decree not simply of the Court of

Probate of Coventry, but also of this court, the court of last resort, the Supreme Court of this State. The statute, Pub. Stat. R. I. cap. 192, § 25, declares: "The Supreme Court shall be the Supreme Court of Probate, and shall have cognizance and jurisdiction of all matters brought before it, by appeal or otherwise, from any Court of Probate which is or shall be established by law." The statute, Pub. Stat. R. I. cap. 181, § 5, provides that the Supreme Court, on appeal from a Probate Court, "may allow amendments to be made in the papers filed . . . to supply any deficiency or correct any errors," and that it "may proceed, without reference to the order, judgment, or decree of the Court of Probate, . . . to execute such judgment as the justice of the case may require." These provisions are exceedingly comprehensive. They evince a purpose to make the Supreme Court the final arbiter of all probate matters. They confer jurisdiction not simply over matters which are within the jurisdiction of the court appealed from, but also over "all matters" which may be brought before the court appealed to, "by appeal or otherwise." Jurisdiction is authority to try and determine, and therefore, if on appeal from the Probate Court of any town allowing or refusing probate of a will, the question whether the testator was resident in that town at his death, so as to give the court appealed from jurisdiction, is a matter which may be brought before this court on appeal it is a question which this court may try and determine ; and, this court being the court of last resort, if it determines that the testator was resident in the town, and enters a decree on the merits, affirming the decree of the lower court, its determination is conclusive on all persons who are parties to it in all the courts of the State, unless it be set aside by the court itself on petition for new trial. Now we do not suppose there can be any doubt but that said question is a matter which can be brought before this court by appeal. It is one of a class of questions which in practice have always been considered open for trial on appeal and as ground of appeal. The practice is supported by authority. *People* v. *Ferris*, 36 N. Y. 218 ; *Hearn* v. *Cuthbert*, 10 Texas, 216 ; *United States* v. *Nourse*, 6 Peters, 470.

There is no reason why these provisions should not be broadly construed agreeably to their apparent design, and every reason

why they should be so construed; for if there be any matter in which finality of decision is peculiarly important, that matter is the settlement of estates. But if the view contended for by Mary Baker be correct, no such finality is attainable. After our decree affirming that of the Court of Probate of Coventry disallowing the will of March 27, 1883, Stephen W. Thornton applied to the same court for the probate of an earlier will. Probate was granted, and appeal taken.[1] So that there are now two appeals pending before this court, one from the Court of Probate of Warwick for admitting the will of 1883 to probate, and the other from the Court of Probate of Coventry for admitting the earlier will to probate. And if the view contended for by Mary Baker be correct, both appeals may go to trial before different juries, and result in verdicts and judgments affirming the decrees appealed from. In that event we shall have three decrees entered by the Supreme Court, to wit: decrees affirming the first and second decrees of the Court of Probate of Coventry, and a decree affirming the decree of the Court of Probate of Warwick. Which of the three will it be our duty to treat as authoritative? One reason which weighed heavily with us in *People's Savings Bank* v. *Wilcox*, *supra*, was that the courts of probate of the several towns may assume jurisdiction and proceed to exercise it without any actual notice to parties in interest; the only notice required being notice by publication or posting, which may never come to their knowledge, since they have no reason to be on the lookout for notice from a court having no jurisdiction. This reason does not hold on appeal, for the appellant is required to cite the adverse parties, and if he fails to do so, either from accident or because of their absence from the State, the court is authorized to provide for notice to them; and also, as we have seen, to make such amendments of the papers as may be necessary to a thorough trial of the case.

We decide that Mary Baker is concluded by the decree of this court entered October 5, 1885, affirming the decree of the Court of Probate of Coventry disallowing the will of Joseph Baker of March 27, 1883; for, though it was not formally adjudged in that

---

[1] *Baker* v. *Court of Probate, ante,* p. 400.

decree that Joseph Baker was resident in Coventry at his death, it was virtually so adjudged by the court deciding the case on the merits. The residence was alleged in the petition, and therefore, if not actually proved to the satisfaction of the court, it must have been either expressly or tacitly admitted; and, as we have seen, such admission, as between the parties, is as effectual as positive proof.

A decree may be entered annulling the decree of the Court of Probate of Warwick, and dismissing the petition.

*Motion granted.*

*Dexter B. Potter*, for appellant.
*John J. Arnold*, for appellee.