## HOLLINGSHEAD et al. v. HOLLINGSHEAD.

No. 9698. Opinion Filed Oct. 12, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

1. **Trusts—Action to Declare Resulting Trust—Issues and Proof — Judgment— Cancellation for Fraud.**

In a suit to declare a resulting trust the plaintiff must prove, not that the judg-

ment attacked was erroneous, but that it is a result of mistake or fraud, and it is also well settled that the fraud which would justify the cancellation in an equity suit of the judgment or order of the probate court must be extraneous to the issues and such as to have prevented the complainant from having a fair hearing.

## 2. Same—Demurrer to Evidence.

Record examined, and held, that the trial court did not err in sustaining the demurrer to the evidence.

Error from District Court, Murray County; F. B. Swank, Judge.

Action by Montgomery Hollingshead and others against Mary Hollingshead to declare a resulting trust and for partition of real estate. Judgment for defendant, and plaintiffs bring error. Affirmed.

H. G. Parker, Ray Clem, McClure & Casteel, W. E. Latimer, J. D. Lankford, and Stuart, Sharp & Cruce, for plaintiffs in error.

George M. Nicholson, for defendant in error.

KANE, J. This was a suit in equity, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, for the purpose of declaring a trust and for the partition of certain real property. Hereafter, for convenience, the parties will be called "plaintiffs" and "defendant," respectively, as they appeared in the trial court.

Plaintiffs' petition alleged, in substance, that Morgan Hollingshead, formerly the husband of the defendant, died intestate in Toledo, Ohio, on the 25th day of March, 1913; that at the time of his death he was a citizen and permanent resident of Sulphur, Murray county, Oklahoma, but was temporarily domiciled in the city of Toledo at the time of his death; that the plaintiffs, who were brothers and sisters of the decedent, and the defendant, who was his wife, are the sole and only heirs at law to his estate; that at the time of his death Morgan Hollingshead died seized of no real estate in the state of Oklahoma, but possessed three promissory notes as follows: One for $20,000, secured by a mortgage on the Artesian Hotel at Sulphur; one for $5,000, secured by a mortgage on the Sulphur Laundry, and one for $10,000, secured by a mortgage on the First National bank building, and a deposit in a local bank at Sulphur, and other moneys and property in Ohio, none of which were acquired during coverture; that, according to the laws of descent and distribution of the state of Oklahoma said property descended one-half to plaintiffs and one-half to the defendant; that since the death of Morgan Hollingshead, his

widow, defendant in this action, had converted said notes to her own use and exchanged the same for the real estate described in the mortgages securing said notes, receiving deeds to said real estate from the mortgagors. The prayer of the petition was that these deeds be declared a trust in favor of the plaintiffs to the extent of their one-half interest in said notes and that one-half of the proceeds be set aside to them.

Defendant's answer admitted that Morgan Hollingshead died intestate without issue in the city of Toledo, Lucas county, Ohio, as alleged by the plaintiffs, and that he died seized of no real estate in the state of Oklahoma, and that the said Morgan Hollingshead was the owner of the promissory notes and mortgages in plaintiff's petition mentioned.

Further answering, the defendant alleged, in substance, that said Morgan Hollingshead was a permanent resident of the city of Toledo at the time of his death; that he and this defendant were permanently residing in their homestead in said city of Toledo, Lucas county, state of Ohio, and had been so permanently residing for more than 20 years, and that said Morgan Hollingshead never at any time resided in Murray county, state of Oklahoma, or in the state of Oklahoma; that by the laws of the state of Ohio the defendant was the sole heir at law of Morgan Hollingshead, deceased; that on the 31st day of March, 1913, this defendant was by order of the probate court of Lucas county, state of Ohio, duly appointed administratrix of the estate of Morgan Hollingshead, deceased, and duly qualified as such administratrix of said estate.

Said defendant further alleges that on the 19th day of May, 1914, said probate court of Lucas county, state of Ohio, made and entered an order and judgment by which the court found that said defendant was the widow and sole surviving heir at law of said Morgan Hollingshead, deceased, and as such was entitled to receive all of the assets of the estate of said Morgan Hollingshead, deceased, remaining in her hands as said administratrix, and it was ordered, adjudged, and decreed by the court that said defendant, as such administratrix, be, and she was thereby, directed to turn over to herself, as the widow and sole heir of said Morgan Hollingshead, deceased, all moneys and assets then in her hands as such administratrix, and to make due assignment and transfer of the first mortgage bonds and coupons in said order and decree specifically described, as well as the mortgages securing the payment of the same.

Said defendant further alleges that under

and by virtue of said order and judgment of said court said Mary Hollingshead, administratrix of the estate of said Morgan Hollingshead, deceased, did assign and transfer said first mortgage bonds and coupons and the mortgages securing the same, to this said defendant, as the widow and sole heir at law of said Morgan Hollingshead, deceased, and that this defendant thereby became the lawful owner and holder of said bonds and mortgages.

Said defendant further alleges that since the making of said order, and the rendition of said judgment by said probate court of Lucas county, state of Ohio, as aforesaid, this said defendant has acquired the title to the real estate in said mortgages described, and is now the owner of said real estate in fee simple.

Said defendant further alleges that on or about the 17th day of November, 1913, said plaintiffs caused one O. B. Beckham, a resident of Murray county, state of Oklahoma, to file in the county court of Murray county, state of Oklahoma, his petition for the appointment of himself as the administrator of the estate of Morgan Hollingshead, deceased; that this said defendant filed an answer and opposition to said petition showing that by virtue of the findings and decree and of the nonresidence of Morgan Hollingshead, hereinbefore referred to, the county court of Murray county, state of Oklahoma, was without jurisdiction to appoint an administrator of said estate.

Said defendant further alleges that upon a hearing had upon said petition and answer and opposition on the 5th day of December, 1913, the county court of Murray county, state of Oklahoma, made and entered an order denying the prayer of said petitioner and dismissing the said petition at the cost of said petitioner.

Said defendant further alleges that O. B. Beckham appealed from said order of the county court of Murray county, state of Oklahoma, to the district court of said county and state, and said appeal was by said district court dismissed and said judgment of said county court of Murray county, state of Oklahoma, has become final and conclusive.

Plaintiffs' reply, after denying the allegations of new matter set up in the defendant's answer, alleged that the probate court of Lucas county, Ohio, had no jurisdiction over the estate of the deceased, including that portion in the state of Oklahoma, and that said defendant, when she filed her application in said probate court of Lucas county, Ohio, to be appointed administratrix over the estate of said Morgan Hollingshead, including that portion in Oklahoma, well knew that the allegations thereof were untrue and well knew that said decedent at said times was a permanent resident and citizen of Murray county, Oklahoma, and thereby perpetrated a fraud on the jurisdiction of said probate court of Lucas county, Ohio, and also perpetrated a fraud upon the probate court of Murray county, Oklahoma, all done for the purpose of defrauding these plaintiffs out of their just rights as heirs of said deceased to a portion of the estate of said deceased.

Plaintiffs further state that said order of the said court of Lucas county, Ohio, and all orders, judgments, and proceedings previous and subsequent thereto in said matter were illegal and void by reason of the said fraud practiced by the defendant on the jurisdiction of said courts; that all the acts of the defendant pursuant to said illegal order and proceedings in said probate court of Lucas county, Ohio, relating to the assets of said estate, transferring and assigning same over to defendant are illegal and void for reasons above stated; that at all said times said Morgan Hollingshead, deceased, was a resident of Murray county, Oklahoma, up to and including the date of his death; that he was temporarily residing in Lucas county, Ohio, when he died, and that at said time he was a permanent resident and citizen of Murray county, Oklahoma, and the probate court of Murray county, Oklahoma, alone had jurisdiction over his estate, and that when said pretended application of defendant to be appointed administratrix of said Morgan Hollingshead was filed by her in the probate court of Lucas county, Ohio, all of the plaintiffs were and ever since have been and are now nonresidents of said state of Ohio, three of whom were residents of the state of Indiana and the other two lived in the state of Montana, and none of them had actual or constructive notice of the pendency of the proceedings of said probate court of Lucas county, Ohio, as to said estate.

After the plaintiffs had introduced their evidence and rested, the defendant filed a demurrer thereto, which was sustained by the court, and it is the action of the trial court in sustaining this demurrer to the evidence which is presented for review by this proceeding in error.

We have examined the evidence carefully and find that, aside from considerable immaterial family history, it consists entirely of an effort on the part of the plaintiffs to prove that Morgan Hollingshead was a resident of Murray county, Oklahoma, at the time of his death, assuming, we take it, that

this evidence would tend to establish the plaintiffs' case. By eliminating from consideration the preliminary questions upon which counsel agree we will be able to pass upon the precise contentions of the parties without specifically noticing many of the correlative propositions argued by counsel for the respective parties in their briefs over which there is no dispute.

First, it is contended by counsel for the defendant that inasmuch as title to the estate of her husband was vested in her by a judgment of the probate court of Lucas county, Ohio, a court of competent jurisdiction to pass upon heirship and questions pertaining to the administration and distribution of the estates of decedents, the resulting trust prayed for will not be declared on the evidence herein which merely tends to show, if anything, that the court which decreed the property to the defendant erred in its judgment. This upon the principle that equity will not assume to retry a case tried by a court of law merely upon the assumption that the court reached the wrong decision. This is conceded to be a correct proposition of law, and to avoid its force counsel in their brief say:

"There has been but one judgment which vested any property in this defendant, and that was the decree of distribution of the probate court of Lucas county, Ohio. (We do not attempt to attack the validity of that decree as to the vesting of any property situated in Ohio, but specifically admit that by that decree this defendant succeeded to all the property situated within the state of Ohio.) However, from the authorities cited in the plaintiffs' original brief and to be cited hereinafter, it will be seen that the Ohio judgment had no extra-territorial effect as a judgment in rem, and as it was not a judgment in personam, it cannot have any effect on the property in Oklahoma; hence, the property situated in Oklahoma has not vested by any judgment, but remains unsettled as of the date of Morgan Hollingshead's death. Therefore, the property in Oklahoma never having vested by any judgment, we need not further discuss the question as to whether a resulting trust will or will not be decreed as to property vested by judgment."

We are unable to agree with counsel as to the scope of the judgment of the probate court of Lucas county, Ohio. It is alleged by the defendant in her answer and conceded by the plaintiffs in their reply that it was by virtue of this judgment that defendant came into possession of the estate of her deceased husband. If this was not the manner of acquiring possession of it, there is no evidence in the record tending to show how the defendant became possessed of the notes and mortgages which she afterwards exchanged

for the Oklahoma real estate. As these notes and mortgages undoubtedly were personal property in the possession of Morgan Hollingshead, in the state of Ohio, at the time of his death at Toledo, it is not quite clear to us what counsel mean by saying that they do not attack the validity of the Ohio judgment in so far as it deals with the part of the decedent's estate situated in Ohio. If they mean to infer that the notes and mortgages were situated in Oklahoma, we are unable to find any evidence tending to support such inference. If the notes and mortgages were situated in Ohio at the death of Morgan Hollingshead, then it seems to us that counsel have conceded that they passed to the defendant by virtue of the Ohio judgment. There can be no doubt that the question of Morgan Hollingshead's residence at the time of his death was an issue in the proceedings in the Ohio probate court, and that that court necessarily passed upon that question in awarding the property to the defendant. The record before us does not purport to show the evidence upon which the Ohio court acted in making its findings and entering its judgment, but the presumption is that it was sufficient. Assuming that the evidence tending to show residence was of the same weight and cogency as the evidence offered on that issue in the case at bar, we would not be inclined to hold, if called upon to weigh the evidence, that the Ohio court even erred in its findings on that question. Neither was there any evidence offered in the trial of the case at bar tending to show that the Ohio judgment was procured by fraud extraneous of the record. It is very definitely settled that in a suit to declare a resulting trust the plaintiff must prove, not that it was erroneous, but that it was the result of mistake or fraud, and it is also well settled that the fraud which would justify the cancellation in an equity suit of the judgment or order of the probate court must be extraneous to the issues and such as to have prevented the complainant from having a fair hearing. Driskill v. Quinn, 69 Oklahoma, 170 Pac. 495; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; United States v. Throckmartin, 98 U. S. 61, 25 L. Ed. 93. In regard to the administration proceedings commenced in the probate court of Murray county, counsel say:

"It would be ridiculous to assert that the refusal to grant letters of administration to Beckham by the county court of Murray county acted as a decree of distribution and vested this property in the defendant. A decree of distribution could not be made in that manner and at that time; hence, that judgment could not be considered as having vested this property in defendant."

In the view we take of the case we may assume, as counsel does, that neither the Ohio judgment nor the Oklahoma probate proceedings were binding upon them and that they could avoid the force of both of these proceedings by merely showing that Morgan Hollingshead was a resident of the state of Oklahoma at the time of his death, and still they would be no better off in so far as their present form of action is concerned. Assuming for the sake of argument that the evidence introduced by the plaintiffs in the case at bar was sufficient to raise an inference that Morgan Hollingshead was a resident of Oklahoma at the time of his death, this alone would not entitle the plaintiffs to pass over the courts of law created by the statutes of the state for the purpose of determining heirship and the rights of heirs as such, and go directly into a court of equity. Surely the estate of Morgan Hollingshead, situated in Oklahoma, should be administered upon by the proper probate court of Oklahoma, if, as counsel contend, he was in fact a resident of this state. It seems quite clear to us that the plaintiffs have either overlooked or avoided an entirely adequate remedy at law and resorted to a court of equity without attempting to show any reason for such action. In our judgment neither the petition of the plaintiffs nor the evidence adduced at the trial shows facts sufficient to entitle the plaintiffs to invoke the jurisdiction of a court of equity.

For the reasons stated, the judgment of the court below is affirmed.

PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.