## SEIFERT v. SEIFERT.

No. 10147—Opinion Filed July 12, 1921.

(Syllabus.)

1. **Wills—Probate—Jurisdiction—Statute.**

Wills must be proved, and letters testamentary or of administration granted: First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died. Second. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the state. Third. In the county in which any part of the estate may be, the decedent having died out of the state, and not resident thereof at the time of his death. Fourth. In the county in which any part of the estate may be, the decedent not being a resident of the state, but dying within it and not leaving estate in the county in which he

died. Fifth. In all other cases, in the county where application for letters is first made. Section 6193, Revised Laws of Oklahoma, 1910.

### 2. Same—Ancillary Probate of Domiciliary Will—County Court.

Under the laws of this state the county court is not vested with jurisdiction to allow the ancillary probate of a domiciliary will based on a foreign probate. In the absence of a law authorizing such jurisdiction it cannot be conferred by agreement.

### 3. Evidence—Parol Evidence to Impeach Records—Action to Quiet Title—Domicile of Ancestor.

When a party to an action offers record evidence to establish his title to real estate, and such record evidence shows that his ancestor, and under whom he claims title, was domiciled in Beckham county, Oklahoma, at the time of his death, in the absence of fraud, accident, or mistake, he cannot impeach the record by parol proof that his ancestor was domiciled in Nebraska at the time of his death.

Error from District Court, Beckham County; Frank Mathews, Assigned Judge.

Action by Charles E. Seifert against George W. Seifert to quiet title to certain real estate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

T. Reginald Wise, for plaintiff in error.

W. C. Frampton, for defendant in error.

MILLER, J. This action was commenced in the district court of Beckham county by Charles E. Seifert against George W. Seifert, praying that the plaintiff be decreed to be the owner of a certain tract of land located in Beckham and Roger Mills counties, Oklahoma, and that his title in and to said lands be quieted as against the said defendant and all persons claiming by, through, or under said defendant.

On February 15, 1918, this case was tried to the court without a jury and judgment rendered in favor of the plaintiff as prayed for. The defendant perfected this appeal and seeks to reverse the judgment of the trial court and appears here as plaintiff in error.

The parties to this action are brothers. Their father was George Seifert. He resided at Lincoln, in Lancaster county, Nebraska, for a number of years. He died at Sayre, in Beckham county, Oklahoma, on February 6, 1910, leaving surviving him his widow, Anna D. Seifert, of Lincoln, Nebraska; George W. Seifert, of Sayre, Oklahoma; Emma Hagenow, a daughter, of Lincoln, Nebraska; and Charles E. Seifert, of Lincoln, Nebraska. It

appears from the record that a few years before his death he and his wife ceased to live together and he made his home with his son, George W. Seifert, in Beckham county, Oklahoma. He traveled some, making a trip to Germany and one or two trips to California. He also made at least one visit to Lincoln, Nebraska. At the time of his death he was about 80 years old; his widow was 76. She died about four or five years after the death of George Seifert.

On November 15, 1894, while George Seifert was residing at Lincoln, Nebraska, he made a will in which he devised and bequeathed all of his property to his wife, Anna D. Seifert, and appointed her as executrix of his will without bond. On January 31, 1910, while living with his son, George W. Seifert, at Sayre, he executed the following will:

"I, George Seifert, of Sayre, Oklahoma, business man, make this my last will.

"I give to my son, George W. Seifert, of Sayre, Oklahoma, all real and personal property of every kind whatsoever now in my name in the state of Oklahoma, and all my property of every kind now standing in m. name in San Diego, California.

"My other property to revert according to a former will.

"I also appoint my son, George W. Seifert, executor of this my last will, if such executor be necessary."

At the time of his death, deceased owned real estate in Lincoln, Nebraska, San Diego, California, and the lands involved in this action, which lands are located in Beckham and Roger Mills counties, Oklahoma.

On March 30, 1910, the widow, Anna D. Seifert, began probate proceedings in the county court of Lancaster county, Nebraska, on the will executed in 1894. For a proper understanding of the case it is probably necessary to set out the petition for the probate of the will, waiver of notices, and the decree of the court of Lancaster county, Nebraska, admitting the will to probate, which, omitting the formal parts, are as follows:

#### "Petition.

"Your petitioner, Anna D. Seifert, who is of legal age, shows: That George Seifert, late a resident of Sayre, in Beckham county, Oklahoma, died at Sayre, in ***county, Oklahoma, on or about the 6th day of February, A. D. 1910, leaving a last will and testament, executed in due form of law, as your petitioner believes which is now on file in this court. That the subscribing witnesses to said instrument are Joseph Wurzburg of Lincoln, Nebraska, and Mae Lansing of Lincoln, Nebras-

ka; that said will nominated your petitioner as executrix thereof, and that she is willing to accept the trust as executrix; that said decedent died seized of real estate in said Lancaster county of the estimated value of $2,-200; the annual rentals of all said real estate amounting to about $ nothing; that the said decedent was possessed of no personal property in the said state of Nebraska.

"Your petitioner further shows that the devisees, legatees, heirs at law in the absence of a will, and other persons interested in said matter are as follows:

Anna, D. Seifert. 76, Lincoln, Neb., Widow.
George W. Seifert, 53, Sayre, Oklahoma, Son.
Emma Hagenow. 49, Lincoln, Neb., Daughter.
Charles E. Seifert, 40, Lincoln, Neb., Son.

"Your petitioner is informed that the deceased left also another paper purporting to be a will which deals with property only in Oklahoma and California, a copy whereof is hereto annexed, marked 'Exhibit A.'

"Your petitioner therefore prays that a day may be fixed for hearing the proof of the execution of said instrument; that all the parties interested herein may be notified by publication three weeks prior to said hearing to show cause, if any there be, why said instrument shall not be recorded as the last will and testament of said decedent, and why administration of said estate shall not be granted to your petitioner as executrix of said will."

"Anna D. Seifert."

"Waiver.

"We, Anna D. Seifert, of lawful age, widow, and George W. Seifert, Emma Hagenow and Charles E. Seifert, of lawful age, only children and heirs at law of George Seifert, deceased, late of Sayre, Oklahoma, hereby consent that the will of said George Seifert, deceased, filed for probate in the county court of Lancaster county, Nebraska, be allowed and probated as the last will and testament of said deceased.

"Dated August 29th, 1910.

"Anna D. Seifert, Emma Hagenow, Chas. E. Seifert, Geo. W. Seifert.

"Witness: Joseph Wurzburg."

"Decree.

"The State of Nebraska, Lancaster County, ss. In the County court of said County; before P. James Cosgrave, County Judge. In re Estate No. 2706, of George Seifert, Deceased.

"The 26th day of April, A. D. 1910, having been assigned for hearing the petition of Anna D. Seifert, praying. among other things, for the probate of the instrument heretofore filed in this court purporting to be the last will and testament of George Seifert, said deceased. and notice thereof having been given for the time and in the manner as required. by the order of this court, notifying all parties interested of the time and place of said hearing.

"Now on this 26th day of April, 1910, at ten o'clock a. m. said cause was continued by the court until further order of the court and now pursuant to said notice and adjournment on this 12th day of September, A. D. 1910, no one appearing to object, said matter comes on for hearing. Joseph Wurzburg having been duly sworn, testified, and was examined by the court.

"From the evidence introduced, the court finds that said George Seifert, deceased, signed said written instrument on the 15th day of November, 1894, in Lancaster county, Nebraska, in the presence of Mae Lansing & Joseph Wurzburg, and at the same time published and declared said instrument to be his last will and testament; that said Mae Lansing & Joseph Wurzburg, at the same time attested the same and subscribed their names as witnesses thereto in the presence of each other, and of said testator and at his request; that said George Seifert was then of sane mind; and that said witnesses were competent; that said George Seifert, deceased, had his last domicile in the county of Beckham and state of Oklahoma, and died on the 6th day of February, 1910, in Sayre, Beckham county, Oklahoma.

"The court further finds that said instrument is the last will and testament of said George Seifert, deceased.

"It Is Therefore Ordered, Adjudged and Decreed, that said instrument be admitted to probate as the last will and testament of said deceased, that the proper certificate of probate be attached thereto, and that the same be then recorded.

"The execution of said will is hereby committed and the administration of the estate is hereby granted to Anna. D. Seifert as executrix who is ordered to give bond in the penal sum of three hundred dollars, with sufficient sureties, and to take the oath of office.

"Given under my hand and the seal of said court, at Lincoln, in said county, this 12th day of September, 1910.

"Seal.

"P. Jas. Cosgrave, County Judge."

Thereafter, on December 14, 1910, ancillary probate proceedings were instituted on the 1894 will in the county court of Beckham county. The petition, omitting the formal parts, is as follows:

"Comes now Annie D. Seifert and shows to the court that George Seifert departed this life at Sayre, in the county of Beckham in the state of Oklahoma, on the 6th day of February, 1910, leaving a last will and testament; that said last will and testament has been duly approved and allowed in the county court of Lancaster county, state of Nebraska; that a duly authenticated copy of said last will and testament and of the probate thereof, by the county court of said county of Lancaster

and state of Nebraska is filed herewith; that your petitioner is the wife of deceased and is, as she believes, entitled to letters of administration.

"That said deceased was, at and immediately previous to his death, an inhabitant of the said county of Beckham, and state of Oklahoma, and that he was possessed of real estate, situated and being in this the Beckham and Roger Mills counties, state of Oklahoma, and which said will may operate if probated, and that the estimated value of the real estate, is the sum of $2,500.00 and of the personal estate is the sum of $00.00, or thereabouts, as your petitioner is informed and verily believes.

"And your petitioner further shows that the name, ages and places of residence of the heirs at law of said deceased, and of other persons interested in his estate are as follows:

Anna D. Seifert, widow of deceased, adult, Lincoln, Nebraska.
George W. Seifert, son of deceased, adult, Sayre, Oklahoma.
Emma Hagenow, daughter of deceased, adult, Lincoln, Nebraska.
Charles E. Seifert, son of deceased, adult, Lincoln, Nebraska.

"Your petitioner, therefore, prays that letters of administration on said estate be granted to Anna D. Seifert, and that other and further order and proceedings may be had in the premises as may be required in the statutes in such case made and provided.

"Dated December 10, 1910.

"Anna D. Seifert."

Upon the filing of this petition in the county court of Beckham county the following waiver of notice was filed in said court:

"State of Oklahoma, County of Beckham, ss. In the County Court.

"In the Matter of the Estate of George Seifert, Deceased.

"We the undersigned, Anna D. Seifert, widow, and George W. Seifert, Emma Hagenow and Charles E. Seifert, only children and sole heirs of George Seifert, deceased, hereby waive notice of the hearing of the application for the probate of the will of said George Seifert, deceased, and consent and request that Anna D. Seifert, named in said will as executrix, be appointed executrix of said will and that letters testamentary issue to her.

"Anna D. Seifert, Chas. E. Seifert, Emma Hagenow, Geo. W. Seifert."

On the 3rd of January, 1911, the county court of Beckham county made the following order, which is designated "Order admitting will to probate:"

"State of Oklahoma, Beckham county.

"In County Court.

"In the Matter of the Estate of George Seifert, Deceased.

"Now on this 3rd day of January, A. D. 1911, there coming on for hearing the petition of Anna D. Seifert to have admitted to probate the paper filed herein on the 14th day of December, 1910, purporting to be a certified copy of the last will and testament of George Seifert, deceased, and said petitioner appearing (A) by counsel and it first being proven that notice of this hearing was given by posting notice of the said hearing in 3 of the public places in said county one of which was at the court house door of said county and state, for 10 consecutive days prior to this day; and by depositing in the post office, on the 15th day of December, 1910, copies of said notice, with the postage prepaid thereon addressed to the heirs and devisees of decedent, at their respective places of residence, so far as the names and residences of said heirs and devisees were known to petitioner. And waiver of notice from the heirs of said decedent is filed herein. And the court, having heard and considered the evidence offered in support of said petition and being fully advised in the premises, finds (B) That said will of George Seifert, deceased, has been duly approved, allowed, and admitted to probate in the county court of Lancaster county, state of Nebraska, and that the same was executed in the county of Lancaster, Nebraska, in accordance with the laws of said state. That the instrument propounded herein for probate was duly executed by the decedent, and that at the time of the execution thereof said testator was of full age, of sound mind and memory, and was not acting under duress, menace, fraud or undue influence and that said will was executed in all particulars as required by law.

"It is therefore ordered, adjudged and decreed by the court, that said instrument be admitted to probate as and for the last will and testament of said deceased, and that the same be and hereby is established as a valid will, passing both real and personal estate, and (C) Anna D. Seifert is named in said will as executrix, without bond, and she is hereby appointed executrix of said will upon her taking and subscribing the oath of office required by law, and executing a bond to the state of Oklahoma in the penal sum of none dollars, and upon the approval thereof as required by law. Will does not require bond.

"Jno. C. Hendrix."

Thereafter, and on the first day of July, 1912, the county court of Beckham county made its decree of distribution in said estate, in which it decreed the title to this real estate in Beckham and Roger Mills counties to Anna D. Seifert. Thereafter, in May, 1913, Anna D. Seifert conveyed the lands in Beckham and Roger Mills counties

to defendant in error, Charles E. Seifert, and August Hagenow. In April, 1914, August Hagenow and his wife, Emma Hagenow, conveyed their interests in the lands in controversy to Charles E. Seifert, the defendant in error.

On August 20, 1915, the plaintiff in error filed his petition for probate of will in the county court of Beckham county, which, omitting the formal parts, is as follows:

"The petition of George W. Seifert, of San Diego county, in the state of California, respectfully represents and shows:

"That George Seifert departed this life at Sayre, in said Beckham county, on or about the 4th day of February, A. D. 1910.

"That said George Seifert, at the time of his death, was a resident of said county of Beckham, and left estate consisting of real property in said county, the general character, description and probable value of which are as follows:

"The N. E. 1-4 sec. four (4) twp. 10 N. range 26 W. I. M. and the following described real estate in Roger Mills county, Oklahoma, to wit:

"N. E. 1-4 sec. two (2) twp. 11 N. range 24 W. I. M.

"S. 1-2 sec. twenty (20) twp. twelve (12) N. range 25 W. I. M.

"S. E. 1-4 sec. twenty-five (25) twp. 12 N. range 26 W. I. M.

"That said deceased left a will bearing date the 31st day of January, 1910, which is now in the possession of George W. Seifert and which your petitioner believes and alleges to be the last will and testament of said deceased, and the same is herewith presented for probate.

"That George W. Seifert, the person named in said will as executor, resides in said county of San Diego, and state of California, and consents to act as such executor.

"That the names, ages and residence of the heirs, devisees, and legatees of said decedent, so far as known to your petitioner, are as follows :

"Name, Charles E. Seifert, age about 52, residence, Lincoln, Nebraska.

"Name, Emma Hagenow, age about 50, residence, Lincoln, Nebraska.

"Name, George W. Seifert, age about 48, residence, San Diego, California.

"Your petition therefore prays that a day be fixed for hearing this petition and notice thereof given as required by law, and upon the final hearing hereof, that said will be admitted to probate, and letters testamentary issued thereon to George W. Seifert. And your petitioner will ever pray, etc.

"Dated, this 20th day of August, A. D. 1915."

On the same day the county court made an order for hearing the petition for probate of will and caused notice to be given of said hearing, and on August 31st, the date specified in the order setting said petition for hearing, the county court made its order admitting the will to probate, which order is as follows:

"In the Matter of the Estate of George Seifert, Deceased.

"Now, on the 31st day of August, A. D. 1915, there coming on for hearing the petition of George W. Seifert to have admitted to probate the paper filed herein on the 20th day of August, 1915, purporting to be the last will and testament of George Seifert, deceased, and said petitioner appearing (A) by counsel, T. R. Wise and W. P. Turner and H. K. Speed appearing as subscribing witnesses to said will, and it first being proven that notice of this hearing was given by posting copies of said notice in three of the most public places in said county, one of which was on the court house door in the city of Sayre, Okla., and it being further proven that all of the heirs are nonresident of the state of Oklahoma, further notice of hearing of petition not necessary. And the court, having heard and considered the evidence offered in support of said petition and being fully advised in the premises, finds (B) That the paper filed herein on the 20th day of August, 1915, purporting to be the last will and testament of George Seifert is in truth and fact the last will and testament of George Seifert, deceased, that the instrument propounded herein for probate was duly executed by the decedent, and that at the time of the execution thereof said testator was of full age, of sound mind and memory, and was not acting under duress, menace, fraud or undue influence, and that said will was executed in all particulars as required by law.

"It is Therefore Ordered, Adjudged and Decreed by the court that said instrument be admitted to probate as and for the last will and testament of said deceased, and that the same be and hereby is established as a valid will, passing both real and personal estate, and (C) George W. Seifert, who is named in said will is hereby appointed executor under said will, upon his taking and subscribing the oath of office required by law, and executing a bond to the state of Oklahoma in the penal sum of one thousand dollars, and upon the approval thereof as required by law.

"(Seal)          E. G. McComas, County Judge."

The record shows that a full and complete hearing was had in compliance with the statute for the probate of this last will. The

subscribing witnesses testified to the due execution of the will. Pursuant to this hearing the will was admitted to probate, and George W. Seifert was appointed executor. He qualified as such executor by taking the oath and executing a surety bond in the sum provided for in the order appointing him. Thereafter, and while these proceedings were pending in the county court of Beckham county, but before any final accounting had been filed by George W. Seifert, as executor, and before any order of distribution had been made, the defendant in error instituted this action in the district court of Beckham county.

The plaintiff in error sets out three assignments of error, as follows:

"1st. The court erred in overruling plaintiff in error's motion to strike from the testimony of the witnesses, August Hagenow; Emma Hagenow; Joseph Wurzburg and Charles E. Seifert, all parts of their evidence and statements as to the residence of the deceased, George Seifert, for the reason that the defendant in error was estopped by the records from establishing a residence different from the statements of said record, to which ruling of the court in overruling said motion this plaintiff in error excepted, and said exception was by the court allowed.

"2nd. That the court erred in overruling plaintiff in error's motion for a new trial, to which ruling and order of said court in overruling said motion, plaintiff in error then and there excepted, and said exceptions were allowed by the court.

"3rd. That the court erred in rendering the decree made and entered in this court on the 16th day of February, 1918, for the reason that said decree is contrary to law."

The plaintiff in error has tried this case and briefed it on the theory that deceased, at the time of his death, was domiciled in Beckham county. He then contends, if this theory is correct, the county court of Beckham county had no jurisdiction to allow the ancillary probate of the domiciliary will based on a foreign probate. If the county court of Beckham county had no jurisdiction to entertain the ancillary probate of the will, all its proceedings are void, and the title asserted by the defendant in error under the void proceedings would fail. We agree with the contentions of the plaintiff in error.

George Seifert was a resident of Beckham county, Oklahoma, at and prior to his death. He so declared his residence to be at Sayre, Oklahoma, when he made the will of January 31, 1910, which was only a week before he died. The petition of Anna D. Seifert for the probate of the will in Lancaster county, Nebraska, alleged that he was late a resident of Sayre, in Beckham county, Oklahoma, and died at Sayre. In the decree of the county court of Lancaster county, Nebraska, admitting the will to probate, the court specifically found:

"That said George Seifert, deceased, had his last domicile in the county of Beckham, state of Oklahoma, and died on the 6th day of February, 1910, in Sayre, Beckham county, Oklahoma."

When Anna D. Seifert, on December 10, 1910, filed her petition in the county court of Beckham county to institute the ancillary probate of the will, she stated in her petition:

"That said deceased was, at and immediately previous to his death, an inhabitant of the said county of Beckham and state of Oklahoma."

These are the proceedings under which the defendant in error claims to derive his title. On the trial of the case, the defendant in error was permitted by the court, over the objection of the plaintiff in error, to introduce testimony tending to prove that deceased was domiciled in Lincoln, Nebraska, at the time of his death, although he died at Sayre, Oklahoma. By this evidence the defendant in error attempted to impeach the very record on which he relied to establish his title. The motion of plaintiff in error to strike out this evidence should have been sustained. This position taken by defendant in error is so inconsistent that it needs no further comment to show the fallacy of permitting such proceedings. If by a sufficient allegation of mistake, accident, or inadvertence in a proper proceeding to correct the record and make it speak the truth, the evidence offered in support of the theory that he was domiciled in Nebraska at the time of his death, viewed in the most favorable light, fails to establish that fact. The title of defendant in error must stand or fall on the court record upon which he relies. He cannot in one breath be heard to assert title based upon that record, and in the next breath, in the absence of a showing of fraud, accident, or mistake, repudiate a part of it.

In Ewing v. Mallison, 70 Pac. 369, at p. 370, the Supreme Court of Kansas, speaking by Justice Pollock, treats such a position thus:

"It may well be doubted whether, after the probate court of Lyon county acted judicially upon the admission and declaration contained in this allegation of residence

of the deceased (an admission of a jurisdictional fact solemnly made upon the oath of the petitioner), Standish, should not be debarred from denying the truth of this allegation for the purpose of either invoking the jurisdiction of the Wyandotte court, or denying the authority of plaintiff in error as representative of the estate. A party should not be permitted to thus belie himself. In support of this position see Railway Co. v. Ramsey, 22 Wall. 322, 22 L. Ed. 823; Turner v. Billagram, 2 Cal. 520; Miltimore v. Miltimore, 40 Pa. 151; Potter v. Adams' Ex'rs, 24 Mo. 159; Lovelady v. Davis, 33 Miss. 577; Ela v. McConihe, 35 N. H. 279; Hines v. Mullins, 25 Ga. 696; Brown v. Haines, 12 Ohio, 1; Mandeville v. Mandeville, 35 Ga. 243; Harbin v. Bell, 54 Ala. 389."

In Thornton v. Baker, 10 Atl. 617, at p. 618, the Supreme Court of Rhode Island has the same to say of such a position:

"In the case at bar the two applications were both made by Mary Baker. In the first she alleged that the deceased was resident in Coventry when he died, and thus led the court of probate of Coventry to assume jurisdiction of her application, and try it on its merits. In the second she alleged that the deceased was resident in Warwick, and petitioned the court of Warwick to try the same question which she had previously submitted to the court of probate of Coventry, claiming that the decision of the latter court was void, because the deceased was not, as she had alleged in her application to the latter court, resident in Coventry when he died. No precedent is cited for such a proceeding, and it certainly seems as if a party ought not to be permitted twice to belie himself. And see the following cases cited by appellant: Ela v. McConihe, 35 N. H. 279; Hines v. Mullin, 25 Ga. 696; Brown v. Haines, 12 Ohio, 1; Mandeville v. Mandeville, 35 Ga. 243; Harbin v. Bell, 54 Ala. 389."

Defendant in error has not pointed out any statute of this state giving the county courts jurisdiction to allow ancillary probate of a domiciliary will based on a foreign probate. County courts have only such jurisdiction as is conferred upon them by statute. This was held in Re Bolin's Estate, 22 Okla. 851, 98 Pac. 934:

"The first error assigned is that the court was without jurisdiction to enter that part of the order requiring plaintiff in error to pay $765.83 to the clerk of the court, and for that reason the same is void. In this we concur. We are of the opinion that that part of the order infringed upon the rights of the guardian to an extent beyond the powers of the court to make, and to that extent is void. The jurisdiction of the courts of probate is not inherent. 9 Enc. Pl. & Pr. 953. Such courts are purely creatures of statute, with certain limited statutory powers which must be strictly construed.

Whenever they exceed the bounds of their statutory power, their acts to that extent are void."

"In Myrick v. Jacks, 33 Ark. 425, the court, speaking of the powers of these courts, said:

" 'When they proceed to do a thing which, by proper proceedings and upon a proper case made, they are authorized to do, it will be presumed they have acted correctly; or if the proceedings have been irregular or the conditions of jurisdiction not strictly fulfilled, it is error to be corrected on appeal or certiorari. But if they undertake to make an order not authorized under any circumstances, although they may have jurisdiction over the same property for other purposes, it is void.' "

Sections 6216, 6217, and 6218, Revised Laws of Oklahoma, 1910, outline the procedure for probate of foreign wills, but it does not attempt to cover domiciliary wills, though already probated in another state.

In the note to Bowen v. Johnson (R. I.) 73 Am. Dec., at page 56, the annotator says:

"Where testator was not domiciled in foreign state at time of his death, an authenticated copy of his will and the probate thereof in that state cannot be admitted to probate in the state in which he was domiciled at the time of his death. In such a case, the court rendering the decree admitting the will to probate had no jurisdiction of the subject-matter; and as the court had no power to make the record, the courts of the state where the testator had his domicile at the time of his death are not bound to receive the authenticated copy of such record; Sturdivant v. Neill, 27 Miss. 157; Morris v. Morris, Id. 847; Bates v. Incisa, 57 Id. 513; Stark v. Parker, 56 N. H. 481; Alexander's Will, 1 Tuck. 114; Whicker v. Hume, 7 H. L. Cas. 124. In a case of that kind, it seems the original will itself must be produced in the court of the state where the testator's actual domicile was at the time of his death; Alexander's Will, 1 Tuck. 114. A grant of probate of a will in another jurisdiction is not conclusive evidence of the domicile of the testator at the time of his death; Whicker v. Hume, 7 H. L. Cas. 124. In Sturdivant v. Neill, 27 Miss. 157, it was held that the Mississippi statute in relation to the admission to probate within that state of authenticated copies of wills proved according to the laws of the United States or territories, or of foreign countries, is not applicable to wills made by citizens domiciled in Mississippi, but only to wills made according to the laws of some other state or country by persons domiciled therein at the time of their death."

In re Clark (Cal.) 82 Pac. 760; 7 Am. & Eng. Ann. Cas. 306, 1 L. R. A. (N. S) 996, 113 Am. St. Rep. 197; Peoples v. Wilcox (R.

I.) 3 Atl. 211; Tarbell v. Walton (Vt.) 45 Atl. 748; Wallace v. Wallace, 3 N. J. Eq. 616; Sturdivant v. Neill, 27 Miss. 157; Bates v. Incisa, 59 Miss. 513; 40 Cyc. 1237-39.

Defendant in error assumes that the ancillary probate of the will in Beckham county was sufficient as an original probate of a domiciliary will, but the ancillary probate did not in and of itself establish the factum of the will. The county court of Beckham county relied on the transcript of the probate proceedings in Lancaster county, Nebraska, as establishing the factum of the will. The record fails to show that either the original will or the evidence of the subscribing witnesses to the will was offered in the county court of Beckham county. The certified transcript of the proceedings in the Nebraska court, including the order admitting the will to probate, recited that the deceased was at the time of his death a resident of or domiciled in Beckham county, Oklahoma. The petition filed in the county court of Beckham county praying ancillary probate of the will recited that the deceased "was at the time of his death an inhabitant of said county of Beckham and state of Oklahoma." There being no statute authorizing the ancillary probate of the domiciliary will, the county court of Beckham county had no jurisdiction to entertain these proceedings. They were therefore a nullity and void for want of jurisdiction. Where the lack of jurisdiction shows on the face of the record itself, the judgment is subject to collateral attack when offered as a basis of title to land in Oklahoma in a proceeding to quiet such title. Condit v. Condit, 66 Oklahoma. 168 Pac. 457; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071; Griffin v. Culp, 68 Oklahoma, 174 Pac. 495; In re Moore's Guardianship, 51 Okla. 731, 152 Pac. 378; 4 Am. & Eng. Ann. Cas., note pp. 1122-23.

Defendant in error next contends that plaintiff in error is estopped from asserting the invalidity of the ancillary probate of the 1894 will in Beckham county, and says:

"Plaintiff in error joined with the other heirs at law in requesting the court to probate the 1894 will in Beckham county as the last will of decedent. This 1894 will gave all the real property in Oklahoma to the widow. Plaintiff in error did not limit himself to waiving the issuance of summons and entering his appearance or waiting until served with process by the court. He joined in an application to have the 1894 will admitted to probate in Beckham county, and the widow appointed executrix.

"In other words, he did not remain passive, as he might have done, he did not object to the probate, as he might have done.

but plaintiff in error requested the court to probate the 1894 will in Beckham county, Oklahoma. What the court did, with respect to admitting the 1894 will to probate in Beckham county, giving this real estate to the widow, was precisely what plaintiff in error asked the court to do."

The appearance entered by George W. Seifert amounts only to a waiver of process, but even if it did ask the court to take jurisdiction of the ancillary probate, it would not confer jurisdiction. It is well settled that parties cannot by agreement confer jurisdiction. If they could, then parties might agree that a justice of the peace could try the title to real estate, but no one would contend that this conferred such jurisdiction on the justice of the peace.

It may be that when George W. Seifert signed the waiver of process he expected the parties were instituting an original proceeding to probate the will as a domiciliary will. The heirs of George Seifert, deceased, all knew of the 1910 will, for it had been set out in the probate proceedings in Lancaster county, Nebraska. He probably expected that they would set out the 1910 will in these probate proceedings and that all of their rights would be adjusted. He had a right to expect this, because he knew they had knowledge of the 1910 will and it would only be fair to him and to the court that they make a full disclosure of all the things done by George Seifert, deceased, prior to his death affecting the testamentary disposition of his property. This 1910 will, while apparently complete in and of itself to devise the Beckham and Roger Mills counties real estate, could be treated as a codicil to the 1894 will for some purposes. The 1894 will named Anna D. Seifert executrix, and George W. Seifert was showing that deference to his mother by conceding to her the right to be executrix in Beckham county. He evidently intended to waive that much of his rights under the 1910 will. The parties could have instituted original proceedings in the county court of Beckham county to probate the 1894 will, and this would have given that court jurisdiction. We cannot assume that plaintiff in error was trying to confer jurisdiction by agreement. The county court of Beckham county did not have jurisdiction and it could not be conferred by agreement. Its proceedings in the ancillary probate and judgment were void, and a void judgment never creates an estoppel.

"An insurance company which was adjudged, upon due service of process and default, to be a bankrupt in an involuntary proceeding after the passage of the act of June 25, 1910, amending the act of July 1,

1898, para. 4b, excluding such corporations from the operations of the act, and does not appeal from the adjudication, but acquiesces therein, and aids the trustee in the performance of his duties in administering the estate, is not estopped thereby from thereafter questioning the adjudication, and the power of the bankruptcy court and the trustee to proceed." Validity, as Trustee in Bankruptcy of the Northern Fire & Marine Insurance Company, v. Northern Fire & Marine Insurance Company, Advanced Sheet Lawyers' Co-Op. Pub. Co. of Jan. 15, 1921, page 141.

The defendant in error claims title through the 1894 will. If he has any title derived from that source, he must establish it by proper probate proceeding in the county court of the county where the testator was domiciled at the time of his death. The district courts cannot decree title under a will until such title is first established by proper probate proceeding.

"In the view we take of the case we may assume, as counsel does, that neither the Ohio judgment nor the Oklahoma probate proceedings were binding upon them 'and that they could avoid the force of both of these proceedings by merely showing that Morgan Hollingshead was a resident of the state of Oklahoma at the time of his death, and still they would be no better off in so far as their present form of action is concerned. Assuming for the sake of argument that the evidence introduced by the plaintiffs in the case at bar was sufficient to raise an inference that Morgan Hollingshead was a resident of Oklahoma at the time of his death, this alone would not entitle the plaintiffs to pass over the courts of law created by the statutes of the state for the purpose of determining heirship and the rights of heirs as such, and go directly into a court of equity. Surely the estate of Morgan Hollingshead, situated in Oklahoma, should be administered upon by the proper probate court of Oklahoma, if, as counsel contend, he was in fact a resident of this state. It seems quite clear to us that the plaintiffs have either overlooked or avoided an entirely adequate remedy at law and resorted to a court of equity without attempting to show any reason for such action. In our judgment neither the petition of the plaintiffs nor the evidence adduced at the trial shows facts sufficient to entitle the plaintiffs to invoke the jurisdiction of a court of equity." Hollingshead v. Hollingshead, 79 Okla. 292, 193 Pac. 412.

On the trial of this case in the district court of Beckham county the defendant in error failed to show any title to lands in controversy in himself. Having failed to show that he had any title, there was no title to be quieted in him. Even a court of equity is powerless to quiet the title in a person who has failed to establish any title in themselves. The district court of Beckham county committed reversible error in attempting to quiet the title to the land in controversy in the defendant in error.

Defendant in error throughout his brief has urged upon this court what he claims to be his equities in this case. We are reminded of the rules and maxims of Equity, one of which is, "Equity follows the law." Defendant in error did not follow the law. He or his grantors had a plain, adequate remedy at law to establish whatever title they had in the court having jurisdiction to probate wills. But because he failed to avail himself of that remedy, he asks that the rules of law be violated to grant him what he conceives to be equity. He may have a remedy that will afford him full relief for any equities he has, but on this we are not expressing any opinion, as it is not before us. Having decided the questions presented in this case, it is clear to us defendant in error cannot maintain this action.

The judgment of the district court of Beckham county is reversed and remanded, with instructions to dismiss the petition of the defendant in error, plaintiff below.

PITCHFORD, V. C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.